## Case Information

DC-17-04356 | SHRADHA PRADHAN vs. DANIEL DWIGHT ROSS, et al

| Case Number | Court | File Date |
|---|---|---|
| DC-17-04356 | 44th District Court | 04/13/2017 |
| Case Type | Case Status | |
| MOTOR VEHICLE ACCIDENT | OPEN | |

## Party

PLAINTIFF
PRADHAN, SHRADHA

Active Attorneys ▼
**Lead Attorney**
TORRY, JORDAN M
Retained

Work Phone
713-800-6999

Fax Phone
713-623-8724

DEFENDANT
ROSS, DANIEL DWIGHT

Address
127 MAPLEWOOD DR
GAFFNEY SC 29340

DEFENDANT
LANDSTAR RANGER INC.

Address
1000 SIMPSON RD
ROCKFORD IL 61102

Active Attorneys ▼
Lead Attorney
SHARP, MICHAEL PAUL
Retained

Work Phone
972-934-9100

Fax Phone
972-934-9200

## Events and Hearings

04/13/2017 NEW CASE FILED (OCA) - CIVIL

04/13/2017 ORIGINAL PETITION ▼

22987796_plaintiffsoriginalpetition_shradhapradhan.pdf

04/13/2017 CASE FILING COVER SHEET ▼

810CivilCaseInfoSheet.pdf

04/13/2017 ISSUE CITATION ▼

ISSUE CITATION

ISSUE CITATION

Comment
9214 8901 0661 5400 0105 4721 28 // DANIEL DWIGHT ROSS 9214 8901 0661 5400 0105 4737
98 // LANDSTAR RANGER INC.

04/13/2017 JURY DEMAND

04/18/2017 CITATION▼

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Actual Server
**CERTIFIED MAIL**

Returned
**05/10/2017**
Anticipated Server
**CERTIFIED MAIL**

Anticipated Method
Actual Server
**CERTIFIED MAIL**

Returned
**05/04/2017**
Comment
**CERT MAIL KK**

05/04/2017 RETURN OF SERVICE ▾

LANDSTAR RANGER INC. - CITATION

Comment
**CIT EXEC 4-25-17 CERT MAIL**

05/10/2017 RETURN OF SERVICE ▾

ROSS

Comment
**UNEX CIT (DANIEL DWIGHT ROSS) CERT MAIL**

05/12/2017 ORIGINAL ANSWER - GENERAL DENIAL ▾

Landstar Ranger, Inc.'s Original Answer 05.12.17.pdf

05/15/2017 ORDER - SETTING SCHEDULING CONF ▾

ORDER - SETTING SCHEDULING CONF

Comment
**& NOTICE OF POLICIES**

06/09/2017 SCHEDULING CONFERENCE

06/09/2017 Scheduling Conference ▾

Judicial Officer
**GOLDSTEIN, BONNIE LEE**

Hearing Time
**9:00 AM**

## Financial

PRADHAN, SHRADHA

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $521.00 |
| | Total Payments and Credits | | | $521.00 |
| 4/13/2017 | Transaction Assessment | | | $521.00 |
| 4/13/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 23483-2017-DCLK | PRADHAN, SHRADHA | ($521.00) |

## Documents

22987796_plaintiffsoriginalpetition_shradhapradhan.pdf

810CivilCaseInfoSheet.pdf

ISSUE CITATION

ISSUE CITATION

LANDSTAR RANGER INC. - CITATION

ROSS

Landstar Ranger, Inc.'s Original Answer 05.12.17.pdf

ORDER - SETTING SCHEDULING CONF

FILED
DALLAS COUNTY
4/13/2017 10:12:13 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-01347-C Document 1-61 Filed 05/22/17 Page 5 of 35 PageID 10

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____  **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED  SHRADHA PRADHAN VS. DANIEL DWIGHT ROSS, LANSTAR RANGER, INC.**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Jordan M. Torry<br><br>Email: jtorry@torrylaw.com<br><br>Address: 4265 San Felipe, Ste. 1000<br><br>Telephone (713) 800-6999<br><br>City/State/Zip: Houston, Texas 77027<br><br>Fax: (713) 623-8724<br><br>Signature:  /s/ Jordan M. Torry<br><br>State Bar No: 24058152 | Plaintiff(s)/Petitioner(s):<br><br>SHRADHA PRADHAN<br><br>_____<br><br>Defendant(s)/Respondent(s):<br>DANIEL DWIGHT ROSS, LANSTAR RANGER, INC.<br><br>_____<br><br>[Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>　☐ Accounting<br>　☐ Legal<br>　☐ Medical<br>　☐ Other Professional Liability:<br><br>☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>　☐ Asbestos/Silica<br>　☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>　☐ With Children<br>　☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| | | | | **Title IV-D** |
| | | | | ☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: | ☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>　☐ Dependent Administration<br>　☐ Independent Administration<br>　☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

FILED
DALLAS COUNTY
4/13/2017 10:12:13 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-01347-C   Document 1-1   Filed 05/22/17   Page 6 of 35   PageID 11

**DC-17-04356**                                    Tonya Pointer

CAUSE NO. _____

| | | |
|---|---|---|
| SHRADHA PRADHAN | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| DANIEL DWIGHT ROSS, | § | |
| LANDSTAR RANGER INC, | § | _____ JUDICIAL DISTRICT |
| **Defendants** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION, DEMAND FOR JURY, REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, and FIRST REQUEST FOR PRODUCTION

TO THE HONORABLE DISTRICT JUDGE OF THIS COURT:

COMES NOW SHRADHA PRADHAN, Plaintiff, complaining of Defendants DANIEL DWIGHT ROSS and LANDSTAR RANGER INC and for cause of action would respectfully show the court the following:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Rule 190.2 of the Texas Rules of Civil Procedure, Plaintiff hereby asserts the above-referenced cause of action should be tried under a Level 2 Discovery Control Plan.

### II.
### PARTIES

Plaintiff, SHRADHA PRADHAN, is an individual who resides in Harris County, Texas, at 10802 Legacy Park Dr. Apt. 10206, Houston, Texas 77064

Defendant, LANDSTAR RANGER INC, is a Corporation whose principal office is located in Winnebago County, Illinois at 1000 Simpson Rd, Rockford, Illinois 61102 where it

may be served with process in this matter.

Defendant, DANIEL DWIGHT ROSS, is an individual who resides in Cherokee County, South Carolina, at 127 Maplewood Dr., Gaffney, South Carolina 29340 where he may be served with process in this matter.

### III.

### VENUE

Venue is permissible in Dallas County, because Dallas County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### IV.
### JURISIDCTION

The Court has personal jurisdiction over Defendants, because Defendants have minimal contacts with the state of Texas. The Court has subject-matter jurisdiction over the controversy, because the damages are within the jurisdictional limits of the Court.

### V.
### FACTUAL BACKGROUND

On August 26, 2015, Plaintiff, while operating a 2015 Toyota Sentra, was struck on the driver's side by Defendant, operating a 2000 Freight Fleetline TT Freightliner.

More specifically, Defendant was travelling South-bound on I-35 in Dallas, Texas, at which time Defendant made an unsafe lane change. Defendant then struck Plaintiff in the back left quarter panel. Subsequently, the police report states that the contributing factor to the collision was Defendant's unsafe lane change.

As a direct and proximate result of Defendant's negligence and failure to follow traffic laws, Plaintiff suffered injuries to her neck and back. As a result of the collision, Plaintiff has undergone comprehensive medical treatment. Additionally, Plaintiff has suffered physical pain and mental anguish from the moment of the impact to present. She has also suffered lost wages

in addition to the continuing emotional and physical harm which necessarily stems from the injuries she received.

Defendant is liable to Plaintiff for all damages which are a direct and proximate cause of the incident described above.

## VI.
## NEGLIGENCE & NEGLIGENCE PER SE

On the occasion in question, Defendant acted with negligence and negligence per se. Defendant is negligent, because he breached his duty to Plaintiff by his failure to change lanes safely despite a serious and obvious risk to Plaintiff and other motorists. Said breach of duty is the proximate cause of Plaintiff's damages.

The acts or omissions of Defendant that constitute negligence or negligence per se include, but are not limited to, the following:

1. Defendant failed to safely change lanes in traffic:

2. Defendant failed to stop and struck the rear quarter panel of Plaintiff's vehicle;

3. Defendant failed to keep a proper lookout by failing to notice the close proximity of Plaintiff's vehicle ahead of him;

4. Defendant failed to maintain a safe distance between his vehicle and Plaintiff's vehicle; and

5. Defendant failed to avoid what was an otherwise avoidable incident.

Specifically, in regards to negligence per se, Defendant violated numerous traffic statutes, including but not limited to the following:

1. Defendant failed to maintain an assured, clear stopping distance between the two vehicles in violation of the Texas Transportation Code § 545.062 (a); and

2. Defendant demonstrated a willful and wanton disregard for the safety of persons and property in violation of Texas Transportation Code § 545.401 (a).

The foregoing acts or omissions, singularly or in combination with others, constitute a breach of duty per statute that proximately caused Plaintiff's damages.

## VII.
## DAMAGES

Accordingly, Plaintiff respectfully requests Defendants be cited to appear, and Plaintiff have judgment against Defendants for:

1. physical pain and mental anguish in the past and in the future;

2. medical expenses necessarily incurred in the past and in the future for the treatment for Plaintiff's injuries;

3. wages for lost back pay and lost future earnings, including all accrued interest, insurance benefits, pension benefits, vacation benefits, sick leave, and other incidental benefits attach to and were included in Plaintiff's employment;

4. physical impairment that Plaintiff suffered in the past and will continue to suffer and the resulting inability to perform those tasks and services she would have ordinarily been able to perform in the future beyond the time of trial;

5. costs of court; and

6. such other and further relief to which Plaintiff may be entitled.

## VIII.
## REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2, within fifty (50) days of service of this request.

## IX.
## JURY DEMAND

Plaintiff makes a formal demand for a jury trial and tenders the appropriate fee with the filing of this Original Petition.

## X.
## PRAYER

WHEREFORE, Plaintiff respectfully requests that Defendant be cited to appear and answer herein, and that upon formal hearing, Plaintiff recover of and from Defendant her damages as alleged herein together with costs and disbursements, pre-judgment and post-judgment interest as allowed by the law, in an amount not to exceed the maximum amount of Two Hundred Fifty Thousand Dollars ($250,000.00), and for such other relief, specific and general, at law and in equity, to which Plaintiff may be justly entitled.

## XI.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194, each Defendant is requested to disclose the information or material described in Rule 194.2, within fifty (50) days of service of this petition.

## XII.
## FIRST SET OF INTERROGATORIES

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 197, you are requested to answer, within fifty (50) days of service of this request, the following Interrogatories.

**Preliminary Statement**

1. The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2. You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3. You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4. Whenever an interrogatory requests the identification of a document or documents,

5

please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5. If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiffs and you, you may specify the records from which the answer may be obtained.

**Definitions & Abbreviations**

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendants fully and accurately understand the objectives of Plaintiff's discovery efforts and (2) to simplify and assist the Plaintiff in Plaintiff's efforts to locate and furnish the relevant information and documents. It is expressly stipulated and agreed by Plaintiff that an affirmative response on the part of Defendants will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on Defendants.

**A. DEFENDANT:** As used herein, the term "Defendant" means the named Defendant answering the request, his/her representatives, agents, and counsel.

**B. MULTIPLE PART ANSWERS:** Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**C. YOU OR YOUR:** Where the term "you or your" is used in the interrogatories or instructions, it is meant to include the person(s) referenced in definition "A" above.

**D. WRITING OR WRITTEN:** The term "writing" or "written" are intended to include, but not necessarily be limited to the following: hand writing, type writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**E. DOCUMENT(S):** "Documents." The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements,

6

analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**F. PERSON:**   "Person" as used herein means an individual, corporation, partnership, association, trust, governmental entity, and any otherwise described entity.

**G. PERSON(S) IDENTITY:**   When an interrogatory requests that you identify a person please state:

    1.    His or her full name;
    2.    His or her present or last known address;
    3.    His or her present employers name and address; and
    4.    His or her occupational position or classification.

**H. "IDENTIFY" or "IDENTIFICATION":**

    1.    As to a person: When used in reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.
    2.    As to an entity: The terms "identify" or identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.
    3.    As to a document: When used in reference to a document, the terms "identify" or "identification" shall include the following:
        a.    The title, heading or caption of such document.
        b.    The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.
        c.    A general description of the document.
        d.    The name of the person who signed the document or statement that it was unsigned.
        e.    Name of the person or persons who prepared the document.
        f.    Name of the person or persons to whom the document was addressed and to whom the document was sent.
        g.    The physical location of the document.
    4.    As to a statement:  When used in reference to a statement, the terms "identify" or "identification" shall include who made the statement, who

7

took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.

5.     To any other tangible thing:  When used in reference to any other tangible thing, the terms "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

**I. COLLISION IN QUESTION:**  The term "collision" or "collision in question" or similar reference as used herein refers to the Collision or Collision in Question described in Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**J. "STATEMENTS"** includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**K. VEHICLE IN QUESTION:**  The term "vehicle in question" means the vehicle driven by DANIEL DWIGHT ROSS at the time of the incident in question.

**L. PREMISES:** The term "premises" means and refers to the location owned, managed, controlled, or operated by the respective Defendant where the Incident in Question occurred.

### INTERROGATORIES TO DEFENDANT(s) DANIEL DWIGHT ROSS and LANDSTAR RANGER INC.,

**INTERROGATORY NO. 1:** Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

**INTERROGATORY 2:**  If you were carrying or holding anything at the time of the incident (i.e. cell phone, beverage, food, etc.), identify each object and state the size and weight of each object.

**INTERROGATORY 3:**  Describe in detail, your actions for the approximately two minutes prior to the occurrence.

**INTERROGATORY 4:**  Describe how you believe the incident occurred.  State in detail when you first became aware of Plaintiff or any vehicles at the site of the incident made the basis of this lawsuit and, if it was before the incident occurred, include approximately how much time passed between the time you were aware of Plaintiff or said vehicles and the time the incident occurred.

**INTERROGATORY 5:**  What, if anything, did you do to avoid the incident?

**INTERROGATORY 6:**  If you were acting within the course and scope of your employment, or as an agent for any person or entity, at the time of the incident, identify your employer or principal.

**INTERROGATORY 7:**  Describe anything that obstructed your ability to see the roadway at the time of the occurrence.

**INTERROGATORY 8:**  At the time of the occurrence, what type of shoes were you wearing, including the size and composition of the heel and sole?

**INTERROGATORY 9:**  State whether you had consumed any alcoholic beverage or taken any prescription or non-prescription drug or medication in the 24-hour period before the occurrence.

**INTERROGATORY 10:**  In the two years prior to the occurrence, have you suffered from any of the following conditions, please provide specific details, including duration of condition, names of treating physicians, and dates of treatment:  blackouts, amnesia, sneezing spells, dizziness, or mental illness.

**INTERROGATORY 11:**  If you wear prescribed corrective lenses, contacts, glasses, or other devices which enable you to see, were you wearing those corrective lenses, contacts, glasses, or other devices at the time of the occurrence?

**INTERROGATORY 12:**  Describe the weather and road conditions at the time of the occurrence.

**INTERROGATORY 13:**  Describe in detail any conversations you have had with any person at the site of the occurrence following the collision, other than conversations protected by the attorney-client privilege.

**INTERROGATORY 14:**  Describe in detail any conversations you have had with an insurance company or any of its agents since the occurrence.

**INTERROGATORY 15:**  State specifically what you contend caused or contributed to the cause of the occurrence.

**INTERROGATORY 16:**  If you contend any defect or failure on the part of any vehicle caused or contributed to the occurrence; describe the defect, the vehicle, and how it contributed to the occurrence.

**INTERROGATORY 17:**  Describe the amount of traffic on the road at the time of the occurrence.

**INTERROGATORY 18:**  Did you apply your brakes before the occurrence in an effort to avoid the collision?

**INTERROGATORY 19:** If you have received any traffic citations/tickets or fines in the past five years, describe the date and nature of the citations/tickets or fines, whether or not they have been dismissed, deferred, or otherwise disposed of.

**INTERROGATORY 20:** If you received a traffic citation/ticket as a result of the occurrence, or have been charged with a crime as a result, identify the court involved, the violations or crimes for which you were cited or charged, the date on which the citation was disposed or is to be disposed, and the final disposition of the citation, if any.

**INTERROGATORY 21:** If you have been involved in any other traffic or automobile collisions in the past five years, describe the date and nature of the incident.

**INTERROGATORY 22:** If you were using a cellular telephone or similar device at the time of the occurrence, describe how it was being used (i.e. hands free, hand held, etc…)

### XIII.
### FIRST REQUEST FOR PRODUCTION

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 196, you are requested to produce, within fifty (50) days of service of this request, the following information. Demand is hereby made for supplementation of the Defendants' responses to this Request for Production as required by TEXAS RULE OF CIVIL PROCEDURE 193.5.

**Definitions & Instructions**

For purposes of the following Requests, the following definitions and instructions apply:

"You", "Your" and "Defendant" means and refers to the named Defendant answering the request, as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Collision in Question" means and refers to the collision described in Plaintiff's Original Petition.

"Vehicle in Question" means and refers to the vehicle driven by DANIEL DWIGHT ROSS and LANDSTAR RANGER INC., involved in the Collision in Question.

"Document" means and includes writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well

as documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

"Custodian" means the person or entity with care, custody, control of the item or document that is subject of inquiry. A request to identify the custodian of any item or document is a request to provide the name, address and telephone number of said custodian.

"Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, electronic image, negatives or any other recording of any non-verbal communication in tangible form.

You are not asked to divulge or provide any information or documents which are privileged in nature. However, for each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim or privilege or other ground for exclusion.

If a requested document once was but is no longer in the possession, custody or control of Defendant or any of its representatives, state what disposition was made of such document.

If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reason for Defendant's inability to fully respond, and stating whatever information or knowledge Defendant has concerning the portion to which Defendant cannot fully respond.

Pursuant to *Overall v. Southwestern MORRIS Yellow Pages*, a party is required to send the documents to the requesting party along with a copy of the response. Unless there are thousands of documents, a party is not permitted to merely make documents available at a specific location. 869 S.W.2d 629 (Tex. App.–Houston [14th Dist.] 1994).

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7, Defendants are hereby notified that Plaintiffs reserve the right to use at trial any and all documents Defendants produce in response to this and any other discovery request.

**REQUESTS FOR PRODUCTION TO DEFENDANT(s) DANIEL DWIGHT ROSS and LANDSTAR RANGER INC.**

1. Produce a copy of the title or duplicate title to the vehicle defendant was driving on the day of the occurrence.

2. Produce all insurance policies in effect at the time of the occurrence, which may be liable to satisfy any judgment in this lawsuit.

3. Produce a copy of defendant's driver's license.

4. Produce all photographs defendant has of the vehicle, parties, or scene of the incident taken at the time of the occurrence to present.

5. Produce any damage appraisals of defendant's vehicle for damage sustained to defendant's vehicle as a result of the occurrence.

6. Produce all invoices or receipts for repairs to defendant's vehicle made as a result of the occurrence.

7. Produce all drawings, maps, or sketches of the scene of the occurrence.

8. Produce any surveillance movies, photographs, or videotapes of plaintiff or of the incident, including any such records kept in digital form.

9. Produce the police report or other report of any governmental agency relating to the occurrence.

10. Produce all documents regarding any medicine prescribed for defendant by any medical doctor within the two-year period before the occurrence.

11. Produce the names and addresses for all medical providers who treated defendant during the two-year period before the occurrence.

12. Produce all documents relating to any inspection performed on defendant's vehicle within the past two years.

13. Produce all documents that defendant has, including all deposition testimony and trial transcripts, from any other lawsuits regarding personal injury in which the defendant has been involved as a plaintiff, defendant, witness, or claimant.

14. Produce an original or copy of Defendant's current prescription for

corrective eyewear, at the time of the occurrence, if any.

15. Produce all documents received from your insurance carrier since the incident.

16. Produce any traffic citation received as a result of the occurrence.

Respectfully submitted,

**THE TORRY LAW GROUP, PLLC**

By: _____

JORDAN M. TORRY
Texas Bar No. 24058152
4265 San Felipe, Ste. 1000
Houston, Texas 77027
(713) 800-6999 – Telephone
(713) 623-8724 – Facsimile
**ATTORNEY FOR PLAINTIFF**

jordan@torrylaw.com

13

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**DANIEL DWIGHT ROSS**
**127 MAPLEWOOD DR**
**GAFFNEY SC 29340**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **SHRADHA PRADHAN**

Filed in said Court **13th day of April, 2017** against

**DANIEL DWIGHT ROSS AND LANDSTAR RANGER INC.**

For Suit, said suit being numbered **DC-17-04356,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE, FIRST REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
        KERRY KALLIE

---

**CERT MAIL**

**CITATION**

**DC-17-04356**

**SHRADHA PRADHAN**
vs.
**DANIEL DWIGHT ROSS, et al**

ISSUED THIS
**18th day of April, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: KERRY KALLIE, Deputy

---

**Attorney for Plaintiff**
JORDAN M TORRY
4265 SAN FELIPE SUITE 1000
HOUSTON TX 77027
713-800-6999

---

DALLAS COUNTY CONSTABLE
FEES         FEES NOT
PAID            PAID

# OFFICER'S RETURN

Case No. : DC-17-04356

Court No.44th District Court

Style: SHRADHA PRADHAN

vs.

DANIEL DWIGHT ROSS, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____ .M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|   |   |   |   |   |
|---|---|---|---|---|
| For serving Citation | $_____ | _____ | | |
| For mileage | $_____ | of_____County, _____ | | |
| For Notary | $_____ | By_____ | Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**LANDSTAR RANGER INC.**
**1000 SIMPSON RD**
**ROCKFORD IL 61102**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **SHRADHA PRADHAN**

Filed in said Court **13th day of April, 2017** against

**DANIEL DWIGHT ROSS AND LANDSTAR RANGER INC.**

For Suit, said suit being numbered **DC-17-04356,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE, FIRST REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
        KERRY KALLIE

---

**CERT MAIL**

**CITATION**

**DC-17-04356**

**SHRADHA PRADHAN**
vs.
**DANIEL DWIGHT ROSS, et al**

ISSUED THIS
18th day of April, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: KERRY KALLIE, Deputy

**Attorney for Plaintiff**
JORDAN M TORRY
4265 SAN FELIPE SUITE 1000
HOUSTON TX 77027
713-800-6999

DALLAS COUNTY CONSTABLE
FEES FEES NOT
PAID PAID

## OFFICER'S RETURN

Case No. : DC-17-04356

Court No.44th District Court

Style: SHRADHA PRADHAN

vs.

DANIEL DWIGHT ROSS, et al

Came to hand on the _____ day of _____ , 20 _____ , at _____ o'clock _____ .M. Executed at _____ ,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____ ,

20_____ , by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ |  |
| For mileage | $_____ | of_____ County, _____ |  |
| For Notary | $_____ | By_____ | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____ , 20_____ ,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 – CITATION
# THE STATE OF TEXAS

To:
    **LANDSTAR RANGER INC.**
    **1000 SIMPSON RD**
    **ROCKFORD IL 61102**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **SHRADHA PRADHAN**

Filed in said Court **13th day of April, 2017** against

**DANIEL DWIGHT ROSS AND LANDSTAR RANGER INC.**

For Suit, said suit being numbered **DC-17-04356,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE, FIRST REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
    KERRY KALLIE

---

**CERT MAIL**

**CITATION**

DC-17-04356

**SHRADHA PRADHAN**
vs.
**DANIEL DWIGHT ROSS, et al**

ISSUED THIS
**18th day of April, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: KERRY KALLIE, Deputy

---

**Attorney for Plaintiff**
JORDAN M TORRY
4265 SAN FELIPE SUITE 1000
HOUSTON TX 77027
713-800-6999

---

DALLAS COUNTY CONSTABLE
FEES PAID     FEES NOT PAID

**OFFICER'S RETURN**

FILED

Case No. : DC-17-04356

17 MAY -4 PM 2:49

Court No.44th District Court

FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS

Style: SHRADHA PRADHAN

vs.

DANIEL DWIGHT ROSS, et al

Came to hand on the ___18 +h___ day of ___April___, 20 17, at ___3:30___ o'clock ___P___.M. Executed at ___1900  Simpson Rd. Rockford  IL  61102-4611___

within the County of _____ at ___7:32___ o'clock ___A___.M. on the ___25th___ day of ___April___,

20 17 , by delivering to the within named

___LANDSTAR RANGER INC. by us Certified MAIL Return Receipt Received and Signed by Illegible Signature___

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

|                      |         |                                              |
|----------------------|---------|----------------------------------------------|
| For serving Citation | $ 76.00 | Illegible Signature                          |
| For mileage          | $       | of _____ County, _____             |
| For Notary           | $       | By ___Kerry Kellie___ Deputy                 |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20_____,

to certify which witness my hand and seal of office.

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

_____

Notary Public _____ County _____

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX  75202-4689



9214 8901 0661 5400 0105 4737 98

**RETURN RECEIPT (ELECTRONIC)**

**DC1704356 DPRO KK**

LANDSTAR RANGER INC.
1000 SIMPSON RD
**ROCKFORD, IL  61102-4611**

CUT / FOLD HERE

6"x9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

**UNITED STATES**
**POSTAL SERVICE**

Date: April 26, 2017

MAIL MAIL:

The following is in response to your April 26, 2017 request for delivery information on
your Certified Mail™/RRE item number 92148901066154000105473798.  The delivery
record shows that this item was delivered on April 25, 2017 at 7:32 am in ROCKFORD,
IL 61125. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the
United States Postal Service. It is solely for customer use.

Reference ID: 92148901066154000105473798
DC1704356 DPRO KK
LANDSTAR RANGER INC.
1000 Simpson Rd
Rockford, IL  61102-4611

## OFFICER'S RETURN

FILED

17 MAY 10 AM 8: 14

FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS

DEPUTY

Case No. : DC-17-04356

Court No.44th District Court

Style: SHRADHA PRADHAN

vs.

DANIEL DWIGHT ROSS, et al

Came to hand on the ___18th___ day of ___April___, 20 17 , at ___9:30___ o'clock ___A___ .M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____,

20_____ , by delivering to the within named

UNEXECUTED _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by
me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ 76.00 | UNEXECUTED |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $ _____ | By ___Kerry Kallie___ Deputy |

(Must be verified if served outside the State of Texas!)

Signed and sworn to by the said _____ before me this _____ day of _____ , 20_____

to certify which witness my hand and seal of office.

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

_____

Notary Public _____ County _____



# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
**DANIEL DWIGHT ROSS**
**127 MAPLEWOOD DR**
**GAFFNEY SC 29340**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **SHRADHA PRADHAN**

Filed in said Court **13th day of April, 2017** against

**DANIEL DWIGHT ROSS AND LANDSTAR RANGER INC.**

For Suit, said suit being numbered **DC-17-04356,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE, FIRST REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
    **KERRY KALLIE**

---

**CERT MAIL**

**CITATION**

**DC-17-04356**

**SHRADHA PRADHAN**
vs.
**DANIEL DWIGHT ROSS, et al**

ISSUED THIS
**18th day of April, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: KERRY KALLIE, Deputy

**Attorney for Plaintiff**
JORDAN M TORRY
4265 SAN FELIPE SUITE 1000
HOUSTON TX 77027
713-800-6999

DALLAS COUNTY CONSTABLE
FEES PAID    FEES NOT PAID



FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689

9214 8901 0661 5400 0105 4721 28

**RETURN RECEIPT (ELECTRONIC)**

**DC1704356 DPRO KK**

DANIEL DWIGHT ROSS
127 MAPLEWOOD DR
**GAFFNEY, SC 29340-2740**

CUT / FOLD HERE

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

**CERTIFIED MAIL**

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689

9214 8901 0661 5400 0105 4721 28

**RETURN RECEIPT (ELECTRONIC)**

UNITED STATES POSTAGE
PITNEY BOWES
02 1R                $ 11.15⁰
0002010651      APR 19 2017
MAILED FROM ZIP CODE 75202

DC1704356 DPRO KK

DANIEL DWIGHT ROSS
127 MAPLEWOOD DR
GAFFNEY, SC 29340-2740



SHOW **TO WHOM**
DELIVERED, Date

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 75202468999     *0634-06695-19-44

FILED
DALLAS COUNTY
5/12/2017 5:14:58 PM
FELICIA PITRE
DISTRICT CLERK

LAN.8532

## CAUSE NO. DC-17-04356

| | | |
|---|---|---|
| **SHRAEDHA PRADHAN** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **44th JUDICIAL DISTRICT** |
| | § | |
| **DANIEL DWIGHT ROSS AND** | § | |
| **LANDSTAR RANGER, INC.** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT LANDSTAR RANGER, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **LANDSTAR RANGER, INC.**, Defendant named in the above entitled and numbered cause, and files this its Original Answer, and for same would respectfully show unto the Court as follows:

### I.

### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof pursuant to Rule 92 of the Texas Rules of Civil Procedure.

### II.

### SECTION 18.091

Defendant invokes Section 18.091 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability.

Defendant further requests the court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

### III.

### SECTION 41. 0105

Defendant invokes Section 41.0105 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff seeks recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiff. Defendant further requests the court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

### IV.

### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **LANDSTAR RANGER, INC.** prays that the Plaintiff take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**


**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**RYAN T. FUNDERBURG**
State Bar No. 24101776
rfunderburg@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 [Fax]

**ATTORNEYS FOR DEFENDANT
LANDSTAR RANGER, INC.**


## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the __12+ʰ__ day of __MAY__, 2017 as follows:

*Via www.efile.txcourts.gov*
Jordan M. Torry
The Torry Law Group, PLLC
4265 San Felipe, Suite 1000
Houston, TX 77027


**MICHAEL P. SHARP**



**CAUSE NO. DC-( 17-04356 )**

SHRADHA PRADHAN,

v.

*Plaintiff(s),*

DANIEL DWIGHT ROSS, et al,

*Defendant(s).*

In the District Court
of Dallas County, Texas
44th Judicial District

# ORDER SETTING SCHEDULING CONFERENCE AND NOTICE OF POLICIES

In accordance with Rule 166, 190 and 192 of the Texas Rules of Civil Procedure, the parties or their attorneys are ORDERED to appear for a scheduling conference to address those matters stated in those Rules on the following date and time: *June 9, 2017 @9:00 a.m.*, or alternatively **dismissal for want of prosecution** for failure to comply with the Courts order for the submission and entrance of a scheduling order. *The Court prefers that counsel submit an agreed Scheduling Order in lieu of attending the scheduling conference hearing. Upon receipt of the signed order, the hearing will be canceled.*

## THE PARTIES ARE ORDERED TO CONFER BEFORE THE CONFERENCE.

The conference will not be required if the parties file an agreed scheduling order. One of the two Modified Uniform Scheduling Orders is attached. The date by which the case will be ready for trial (the "Initial Trial Setting") as indicated in the forms must be on a Monday not a holiday, and must be in the following range: *PLEASE USE THE ATTACHED MODIFIED UNIFORM SCHEDULING ORDER, LEVELS 1-2 or 3.*

| Level 1 | 6-12 months from the date of initial filing of the case |
| Level 2 | 12-18 months from the date of initial filing of the case |
| Level 3 | 18-24 months from the date of initial filing of the case |

*Requests for variations from the attached forms, even if agreed, must be made at the scheduling conference. Failure to attend the scheduling conference may result in the entry of an order of dismissal for want of prosecution or other sanctions:*

The parties are directed to take notice of the following court policies:

Service of Papers Filed with the Court. — Other than original petitions and any accompanying applications for temporary restraining order, any documents filed with the Court that relate to requests for expedited relief or to matters set for hearing within seven days of filing must be served upon all opposing parties in a manner that will ensure receipt of the papers by them on the same day the papers are filed with the Court or District Clerk.

Uncontested or Agreed Matters. — The Court does not require a separate motion or hearing on

agreed matters, except for continuances in cases over one year old or as otherwise provided. All uncontested or agreed matters should be presented with a proposed form of order and should reflect the agreement of all parties either (a) by personal or authorized signature on the form of order, or (b) in the certificate of conference on the motion.

Submission of Orders. — Except for proposed orders tendered at a hearing, proposed orders on contested matters should be submitted by the prevailing party after notification of the Court's ruling. Proposed orders should be tendered to the opposing party at least two working days before they are submitted to the Court. The opposing party must either approve the proposed order as to form or file objections in writing with the Court within one week of the submission of the proposed order. If an order is not approved as to form and no objections are filed within seven days of the submission of the proposed order, the Court will deem the proposed order to be approved as to form. Parties are encouraged, however, to bring a proposed order to the hearing.

Briefs. — The Court will use its best efforts to review all motions and briefs before any hearing. Except in case of emergency, any briefs relating to a motion (other than for summary judgment) that is set for hearing must be filed with the clerk of the Court no later than two working days before the scheduled hearing, or with the District Clerk no later than three working days before the scheduled hearing. Briefs in support of a motion for summary judgment must be filed with that motion; briefs in opposition to a motion for summary judgment must be filed at or before the time the response is due. Briefs not filed in accordance with this paragraph likely will not be considered.

## COURT SPECIFIC POLICIES

Telephone Hearings. — Participation in hearings by telephone is encouraged. Arrangements should be made with the Court Administrator. (For parties out of town)

Default and Minor Prove-Ups. — Unless instructed otherwise by the Court, default judgments should be made through affidavits; minor prove-ups shall be set for a hearing through the District Clerk.

Continuances. — In cases on file for more than one year, any motion requesting a continuance of trial must be signed by all parties requesting such a continuance, as well as by counsel. A single agreed continuance of 60-90 days, including extension of pretrial deadlines, will typically be granted; subsequent requests are rarely granted. Reset or continuance will not otherwise affect any of the pretrial deadlines unless specifically provided in the Order.

Alterations or Additional Deadlines Permitted. -- The forms attached must be used, but, other than paragraphs 1 or 5 and except as limited by the Rules of Civil Procedure, *different or additional deadlines* do not require an appearance at the scheduling conference and should be made through Rule 11 Agreements. SIGNED May 15, 2017.

District Judge Bonnie Lee Goldstein